# Supreme Court of Texas

No. 24-0452

Kenneth Warren Paxton, Jr.,

*Petitioner*,

v.

Commission for Lawyer Discipline,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**PER CURIAM**

We recently held that the Attorney General's first assistant could not be subjected to collateral professional discipline based on alleged misstatements in initial pleadings filed on behalf of the State of Texas. *See Webster v. Comm'n for Law. Discipline*, ___ S.W.3d ___, 2024 WL 5249494, at *1, *21 (Tex. Dec. 31, 2024). Pending at the time was this petition for review, which involves the Commission for Lawyer Discipline's nearly identical lawsuit against Attorney General Ken Paxton. In light of our decision in *Webster*, the Commission has nonsuited its lawsuit and now moves to dismiss the Attorney General's petition for review as moot.

The Attorney General agrees that the case is now moot but requests that in addition to vacating the court of appeals' judgment, we also exercise our discretion to vacate the court of appeals' opinion. One issue in that opinion did not arise in *Webster*: whether the Attorney General could bring an interlocutory appeal under Civil Practice and Remedies Code Section 51.014(a)(8). That issue did not arise in *Webster* because the district court granted the first assistant's plea to the jurisdiction, whereas the district court presiding over this case denied the plea to the jurisdiction.

A divided panel of the Fifth Court of Appeals held that Attorney General Paxton "is not a governmental unit" authorized to appeal from an interlocutory order that denies a plea to the jurisdiction. ___ S.W.3d ___, 2024 WL 1671953, at *1 (Tex. App.—Dallas Apr. 18, 2024) (internal quotation marks omitted) (quoting TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8)). The majority thus held that it lacked appellate jurisdiction to reach the merits. *Id.* Justice Miskel dissented. She would have held that the statute authorized the Attorney General to appeal the denial of his plea to the jurisdiction. *Id.* at *4 (Miskel, J., dissenting). She therefore reached the merits and, as we did in *Webster*, concluded that the district court should have granted the plea. *Id.*

We agree with the parties that the Commission's nonsuit renders this case moot. We therefore cannot resolve the disputed question of appellate jurisdiction. Neither must we leave the court of appeals' opinion standing, however. Instead, we have discretion to vacate the opinion if we conclude that "the public interest would be served by a vacatur." *Morath v. Lewis*, 601 S.W.3d 785, 791 (Tex. 2020) (quoting *U.S.*

2

*Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994)).

In our view, the public interest would be served by vacatur here. As in *Morath*, the "State is a frequent litigant"; the court of appeals' opinion, if left standing, would "ha[ve] some meaningful precedential value"; the issue it decided is "potentially of consequence" far beyond the circumstances of this single case; and we recently resolved a case on the merits that is nearly identical to this one. *See id.* at 791-92. Where "mootness results from [the] unilateral action of the party who prevailed below," as it does here, we have observed that "the case for preventing the unreviewable decision 'from spawning any legal consequences' is at its strongest." *Id.* at 791 (first quoting *Bancorp*, 513 U.S. at 23; and then quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950)).

Accordingly, after granting the petition for review and without hearing oral argument or considering the merits, the Court vacates the judgment and the opinion of the court of appeals and dismisses the case as moot. *See* TEX. R. APP. P. 56.2.

**OPINION DELIVERED:** February 14, 2025